# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KRIS V. ZOCCO,**

      Petitioner,

v.                                   Case No. 25-CV-1535

**BRAD MLODZIK,**
    *Warden, Fox Lake Correctional Institution,*[1]

      Respondent.

## ORDER

On October 6, 2025, Kris V. Zocco filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Zocco is currently serving a 31-year sentence following his convictions for first-degree reckless homicide, hiding a corpse, and strangulation and suffocation. (ECF No. 1 at 3.) Zocco acknowledges that his petition contains unexhausted claims and requests that the court stay his petition and hold it in abeyance while he exhausts his remaining claims in state court. (ECF No. 2.)

---

[1] The petition indicates that Zocco is incarcerated at Fox Lake Correctional Institution, where Brad Mlodzik is the Warden. Accordingly, the Clerk of Court shall substitute Mlodzik as the appropriate Respondent for Zocco's habeas petition. *See* Rule 2(a) of the Rules Governing § 2254 Cases; Fed. R. Civ. P. 25(d).

Zocco's petition raises ten grounds for relief. (ECF Nos. 1, 1-1.) He alleges that he fully exhausted claims one through six in state court but has not exhausted claims seven through ten. (ECF No. 1-1 at 14–33.) Claims seven through ten are based on allegations of ineffective assistance of appellate counsel. (ECF No. 1-1 at 25–33.)

"[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If employed too frequently the stay and abeyance procedure would undermine Congress's goal of encouraging finality of state court judgments and streamlining federal habeas proceedings. *Id*. Thus, a stay is appropriate only if the claim the petitioner seeks to present in the state court is not clearly meritless. *Id*. Additionally, there must have been good cause for the petitioner's failure to have earlier sought relief in state court. *Id*.

Zocco's unexhausted claims raise grounds for relief under the deficient performance/resulting prejudice test for ineffective assistance of appellate counsel. *See Strickland v. Washington*, 466 U.S. 688 (1984). (ECF No. 1-1 at 25–33.) Under *Strickland*, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Strickland*, 466 U.S. at 688. To prove prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Zocco's petition alleges ample facts suggesting that his appellate counsel's failure to raise claims seven through ten on appeal may have prejudiced him. Specifically, appellate counsel abandoned claims regarding the admission of evidence and prosecutorial misconduct. (ECF No. 1-1 at 26–30.) Appellate counsel also failed to investigate newly discovered evidence during his postconviction proceedings. (ECF No. 1-1 at 31–33.) Zocco's petition provides facts indicating that, had appellate counsel raised these claims, there is a reasonable probability the result of his appeal would have been different. *See Smith v. Robbins*, 528 U.S. 259, 285–86 (2000) (holding that, in the context of appellate or post-conviction counsel, prejudice requires a showing that the petitioner's claims would have succeeded on appeal). Based on this, the court cannot say that Zocco's claims are "plainly meritless." *See Rhines*, 544 U.S. at 277.

Zocco has also shown that good cause exists for the use of the stay and abeyance procedure in this case. The alleged ineffective assistance of appellate counsel supports good cause for Zocco's failure to have sought relief in state court earlier. *See, e.g.*, *Hesser v. Tegels*, No. 20-CV-461-JDP, 2020 WL 7872014, at *1 (W.D. Wis. Oct. 21, 2020) (finding that "appellate counsel's actions appear to be good cause for [Petitioner] to not have exhausted his ineffective-assistance-of counsel claims the first time through the state-court process"). Additionally, Wisconsin law requires that all grounds for post-conviction relief be contained in a single motion. Wis. Stat. § 974.06(4). Zocco alleges that his extensive record has delayed his state attorneys from filing the § 974.06(4) motion and

3

thereby tolling his time to file a federal habeas petition.[2] Nothing in the record suggests that Zocco, or his present counsel, has engaged in dilatory litigation tactics.

Consequently, if this action is dismissed, Zocco will be barred from later seeking federal habeas relief because the statute of limitations for filing a habeas petition has now expired. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). Considering these circumstances, the court finds it appropriate to stay these proceedings and hold Zocco's petition in abeyance.

To ensure that federal habeas cases proceed expeditiously, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Normally, a "brief interval" of 30 days to initiate state court proceedings after a federal stay, and 30 days to return to federal court after the exhaustion of state court remedies, is appropriate. *Id*. However, because Zocco has an extensive record and his newly retained counsel need time to investigate new evidence, the court finds it appropriate to grant Zocco 60 days to initiate his state court proceedings. *See id*. (explaining that "the total exhaustion requirement was not intended to 'unreasonably impair the prisoner's right to relief'").

---

[2] Zocco's record consists of approximately 300 police reports, 10 pre-trial hearings, and a two-week trial. (ECF No. 2 at 5.)

**IT IS THEREFORE ORDERED** that Zocco's request for stay and abeyance (ECF No. 2) is **granted**. The proceedings are **stayed**, and Zocco's petition is held in abeyance. Within 60 days of the date of this order, Zocco must initiate proceedings in state court to exhaust his state court remedies. No later than 30 days after the exhaustion of his state court remedies or the expiration of time for seeking further review, Zocco shall notify this court that the state court proceedings are completed, and that this court's stay may be lifted. Failure to do so may result in the court dismissing this action. The Clerk shall close this case for statistical purposes.

Dated at Milwaukee, Wisconsin this 29th day of October, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge